UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BETTY WILLIAMS, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>MEL MARTINEZ, *et al.*, )<br>Defendants. )<br>) | | Civil Action No. 01-1098 (AK) |

## MEMORANDUM OPINION

Pending before this Court is Non-Party Kass, Mitek and Kass, PLLC's Motion to Quash Subpoenas and Memorandum in support thereof (collectively referred to as the "Motion") [45] and Plaintiff's Opposition to the Motion to Quash Subpoenas ("Opposition") [47]. Because this case is scheduled for a second continuation of a hearing on Defendant's Motion to Set Aside Default Judgment, on March 10, 2016, this Court set an expedited briefing schedule, with a deadline of March 8, 2016, for Plaintiff's Opposition to the Motion.

By way of background, on May 21, 2001, Plaintiff Betty Williams filed a Complaint [1] against Defendant Parkside Townhomes Condominium Association, Inc. ("Parkside"), alleging that there were defects/deficiencies in her unit within the condominium association. On September 18, 2001, Plaintiff's private process server filed a Return of Service [2/3] indicating that she personally served Mr. Kenneth Postell, an officer/director of Parkside, on September 15, 2001. On June 7, 2002, the Clerk of the Court filed an entry of Default [22] against Parkside. After this Court held an evidentiary hearing on August 26, 2003, the Court entered an Order [28] granting a default judgment against Parkside, and in favor of Plaintiff Betty Williams

("Williams"), on November 14, 2003, in the amount of $65,910.00, plus costs and expenses. After a period of almost twelve years, Plaintiff, through counsel (who entered his appearance in September of 2015), issued a Writ of Execution [30] on the judgment on October 19, 2015. On November 6, 2015, Parkside filed its Motion to Vacate the Default Judgment [34], alleging that Mr. Postell was not an officer/director of Parkside at the time when he was allegedly served with the summons and complaint, and further, that he was not served. The Court held a hearing on that motion, commencing on November 23, 2015, and continuing on January 12, 2016, and scheduled to resume again on March 10, 2016.

Non-Party Kass, Mitek and Kass, PLLC indicates that, on or about February 3, 2016, Plaintiff served subpoenas on Benny L. Kass, Esq, in his capacity as counsel for Parkside; Mark M. Mitek, Esq.; Brian L. Kass, Esq; Laurie Pyne O'Reilly, Esq.; and John H. Brillian, Esq., "all of whom are attorneys at the law firm of Kass, Mitek & Kass, PLLC ("KMK") and counsel to Parkside[,]" as well as the custodian of records at KMK. (Motion at 5.) According to Defendant, the subpoenas "command the KMK and the KMK attorneys to produce certain documents pertaining to Parkside for the years 2000 through 2003, and to appear and provide testimony regarding KMK's client [Parkside]." (Motion at 5.) Because Defendant failed to attach a copy of the subpoenas to its Motion, this Court is unaware of the exact language used on the subpoenas.

Federal Rule of Civil Procedure 45 provides that a court must quash or modify a subpoena that "requires disclosure of privileged or other protected matters, if no exception or waiver applies; or [it] subjects a person to undue burden." Fed.R.Civ.P. 45(d)(3). Rule 26 also requires that the court limit discovery where such discovery is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less

burdensome, or less expensive." Fed.R.Civ.P. 26(b)(2)(C); *see Watts v. SEC*, 482 F.3d 501, 507 (D.C. Cir. 2007) (applying Rule 26 to Rule 45 subpoenas). The party moving to quash the subpoena bears the burden to show that the subpoena is oppressive. *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 403 (D.C. Cir. 1984).

In the instant case, Non-Party KMK argues that the subpoenas should be quashed because they seek information protected by the attorney-client privilege. Based upon the record from the two prior hearings on the motion to set aside the default judgment, Plaintiff seeks to obtain information as to the names of the officers/directors of Parkside during the period 2000-2003, to ascertain whether or not Mr. Kenneth Postell was an officer/director during that time. Defendant has failed to demonstrate how such information- *i.e.*, the names of any officers/directors - is in any way privileged.

Defendant also argues that the subpoenas should be quashed because they are "duplicative, cumulative and harassing." (Motion at 8.) Defendant's argument fails in light of the efforts taken by Plaintiff's counsel to otherwise obtain this information from Parkside's registered agent (Mr. Kass), the current management company, the prior management company (whose representative is outside this Court's subpoena power), Parkside's treasurer (who was mistakenly identified by Defendant), and another former officer/director of Parkside, who appears to be evading service.

Defendant further argues that the subpoenas should be quashed because complying with them would be "unduly burdensome." (Motion at 7.) The Court notes that Plaintiff's request for information about Parkside is confined to a specific period of time (2000-2003) and it relates to the names of officers/directors of Parkside during the period of time; specifically regarding Mr.

Kenneth Postell. Mr. Benny L. Kass has indicated that his firm was counsel for Parkside during the period 2000-2003 and continues to serve as counsel for Parkside to date. The Court does not agree that it would be "unduly burdensome" for KMK to search its files for Parkside to ascertain if it possesses the requested information. Furthermore, it is within KMK's interest to search for and produce some documentation that Mr. Postell was not an officer/director during 2000-2003, to support Defendant's burden in connection with Defendant's Motion to Vacate the Default Judgment.

Defendant additionally argues that the subpoenas to Benny L. Kass, Esq. and John H. Brillian, Esq. should be quashed because these two persons are "attorneys of record in this matter." (Motion at 8.) According to this Court's docket, Attorneys Champ (not subpoenaed) and Brillian are listed as counsel of record while Mr. Kass is not. KMK also asserts that the subpoena directed to Mr. Brillian should be quashed because he was not with KMK during the early 2000's. (Motion at 9.) Because Mr. Brillian is listed as counsel of record and he would have no personal knowledge of the Parkside officers/directors during the period 2000-2003, before he was employed by KMK, the subpoena should be quashed with regard to Mr. Brillian.

Finally, this Court notes that Plaintiff's Opposition to the Motion provided KMK with two viable alternatives to having all attorneys subpoenaed appear in court on March 10, 2016; namely, that "at least one attorney [agree] to appear on behalf of the firm to testify and to produce documents responsive to Plaintiff's subpoena" or that KMK "file a verified certification with this Court no later than March 9, 2016 stating that Kass & Mitek has no documents or information responsive to Plaintiff's subpoena within its possession." (Opposition at 4.)

Neither alternative was exercised by KMK. Accordingly, it is this 9th day of March, 2016,

ORDERED that Non-Party KMK's Motion to Quash Subpoenas [45] is denied in part, with regard to the subpoenas issued to attorneys Benny L. Kass, Mark M Mitek, Brian L. Kass, Laurie Pyne O'Reilly, and the Custodian of Records for KMK, and granted in part, with regard to the subpoena directed to John Brillian, Esq.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE